JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3852 FMO (DSRx)** | Date | **June 26, 2026** |
|---|---|---|---|
| Title | **Paul Jabber v. Citibank, N.A., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     **(In Chambers) Order Remanding Action**

On January 15, 2026, Paul Jabber ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Citibank, N.A. ("Citibank") and Nubia Alvarenga ("Alvarenga"), asserting state law claims, including for violation of California's Elder Abuse and Dependent Adult Civil Protection Act, ("Elder Abuse Act"), Cal. Welf. & Inst. Code §§ 15600, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Exh. A, Complaint). On April 10, 2026, Citibank removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b). (See Dkt. 1, NOR at ¶ 2). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3852 FMO (DSRx)** | Date | **June 26, 2026** |
|---|---|---|---|
| Title | **Paul Jabber v. Citibank, N.A., et al.** | | |

may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or <u>sua sponte</u>").

When federal subject matter jurisdiction is predicated on diversity of citizenship, <u>see</u> 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, <u>see</u> <u>Caterpillar</u> <u>Inc.</u> <u>v.</u> <u>Lewis</u>, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. <u>See</u> 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. <u>See</u> 28 U.S.C. § 1441(a); <u>Caterpillar,</u> <u>Inc.</u> <u>v.</u> <u>Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3] <u>See</u> 28 U.S.C. § 1332(a).

Citibank contends that although plaintiff and Alvarenga are both citizens of California, Alvarenga's citizenship should be ignored because she is a sham defendant. (<u>See</u> Dkt. 1, NOR at ¶ 4). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." <u>Grancare,</u> <u>LLC</u> <u>v.</u> <u>Thrower</u> ex rel. <u>Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018); <u>see</u> <u>Allen</u> <u>v.</u> <u>Boeing</u> <u>Co.</u>, 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. <u>Hamilton</u> <u>Materials,</u> <u>Inc.</u> <u>v.</u> <u>Dow</u> <u>Chem.</u> <u>Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); <u>Mireles</u> <u>v.</u> <u>Wells</u> <u>Fargo</u> <u>Bank</u>, <u>N.A.</u>, 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (citation omitted) (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." <u>Grancare</u>, 889 F.3d at 548 (internal quotation marks omitted).

Here, Citibank has failed to show that "plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against"

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

[3] Citibank seeks only to invoke the court's diversity jurisdiction. (<u>See</u>, <u>generally</u>, Dkt. 1, NOR).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-3852 FMO (DSRx)** | Date | **June 26, 2026** |
|---|---|---|---|
| Title | **Paul Jabber v. Citibank, N.A., et al.** | | |

Alvarenga.  See Mireles, 845 F.Supp.2d at 1063.  It is not enough to claim, as Citibank does, (see Dkt. 1, NOR at ¶ 4b), that the allegations in the Complaint are insufficient to give rise to individual liability.  In other words, even assuming plaintiff's claims against Alvarenga are deficiently pled, there exists the possibility that plaintiff could salvage his claim through amendment.  See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants did not meet their "heavy burden of persuasion[] to show to a near certainty that joinder was fraudulent" because plaintiff could amend the complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant] for harassment under the FEHA."); Lin v. JP Morgan Chase Bank, N.A., 2024 WL 5182199, *12 (C.D. Cal. 2024) (rejecting contention that a bank employee could not be held liable under the Elder Abuse Act).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that Citibank has met its burden of showing that complete diversity exits.  Therefore, there is no basis for subject matter jurisdiction.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |